**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie Pratt,<br><br>        Plaintiff,<br><br>vs.<br><br>Office of Civil Rights, Colorado Dept. of Education, and Gateway Comm. College,<br><br>        Defendants. | CV 12-1821-PHX-JAT<br><br>**ORDER** |

On June 13, 2013, the Court issued the following order (quoted in part):

**A.  Motion to Dismiss**

...

Gateway has also argued that the Complaint fails to state a claim. The Complaint (quoted in its entirety) alleges as follows:

> I the plaintiff Eddie L. Pratt ask for a plea for relief and justice; resulting from a perceived loss of integrity, humiliated [sic], stature, dignity, harassment, abridged human rights, and slavery. That is why we need Titles' V, VI, VII of the Civil Rights Act, HR, 7152 to prevent [sic] where Federal Funds are involved. Title VI, and the Title VII is sound; it is [sic] constitutional right. Now, what will it accomplish? It will guarantee that the money collected by colorblind tax collectors will be distributed by Federal and State administrator [sic] who are equally colorblind, eliminate [sic] discrimination.
>
> I file [sic] a complaint with both [sic] Office of Civil Rights - Attorney Thomas Rock and EEOC Rayford Irvin; "hostile environment" wrongful termination, and discrimination. They did not follow policy and procedure. [citation omitted]. The agencies didn't investigate my case; which violated my civil rights [citation omitted]; unlawful basis; none [sic] white [sic] get less hours, less pay, while whites get more hours and more

> pay. In fact, they dismiss [sic] my case and never gave me an appeal, and also denied a waiver. [citation omitted].
>
> Fourteenth Amendment to the U.S. Constitution declares that no state may not [sic] "deny" to any person within its jurisdiction the equal protect [sic] of the laws. [citation omitted].

Doc. 1.

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Defendant Gateway is never mentioned in the Complaint. Accordingly, the Complaint fails to state a claim against this Defendant under *Twombly* and the motion to dismiss will be granted. To the extent Plaintiff responded to this motion by a motion (Doc. 13), Plaintiff's motion will be denied.

### B. Motion for Sanctions

Defendant Gateway has also moved for sanctions under Rule 11(b) against Plaintiff for her various filings, including her continuous efforts to seeks default against Defendant Gateway while its motion to dismiss is pending. Doc. 29. Defendant Gateway argues that these motions are for the purposes of harassment and to increase the costs of the litigation. The Court agrees. Therefore, Defendant Gateway may file a motion for attorneys fees for the time expended in responding to Plaintiff's five pending motions relating [to] default (Docs. 21, 22, 23, 25, and 31). To the extent Plaintiff has opposed the request for sanctions by a motion (Doc. 34), Plaintiff's motion is denied. Further, all the pending motions for default will be denied.

Doc. 41 at 1-3.

Now, Plaintiff moves for reconsideration of this Order. The Court finds no basis for reconsideration; accordingly, Plaintiff's motion will be denied.

Next, consistent with the Court's Order, Defendant Gateway has moved for attorney's fees. Plaintiff has not opposed the motion. Pursuant to Local Rule Civil 7.2(i), the Court summarily grants the motion.

Two defendants remain in this case: (1) the Colorado Department of Education and (2) the Office of Civil Rights, U.S. Department of Education. The latter has moved to dismiss and that motion remains pending. It would appear that this Court lacks personal jurisdiction over the Colorado Department of Civil Rights. Plaintiff will be required to show cause why the Colorado Department of Civil Rights should not be dismissed.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 42) is denied.

**IT IS FURTHER ORDERED** that Defendant Gateway's motion for attorney's fees (Doc. 43) in the amount of $1,054.00 is granted; Gateway is awarded $1,054.00 against Plaintiff.

**IT IS FINALLY ORDERED** that by January 13, 2014, Plaintiff shall file a memorandum showing cause why Defendant Colorado Department of Education should not be dismissed for lack of personal jurisdiction (the Office of Civil Rights motion to dismiss remains pending).

DATED this 17th day of December, 2013.

_____
James A. Teilborg
Senior United States District Judge

- 3 -