WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie L. Pratt,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Office of Civil Rights, et al.,<br><br>　　　　　　Defendants. | No. CV-12-01821-PHX-JAT<br><br>**ORDER** |

Pending before the Court are various motions which the Court will now address.

## I. Office for Civil Rights' Motion to Dismiss

The U.S. Department of Education's Office for Civil Rights ("OCR") seeks dismissal of Plaintiff's Amended Complaint (Doc. 4) for three reasons: 1) insufficient service of process under Federal Rule of Civil Procedure ("Rule") 12(b)(5); 2) lack of subject matter jurisdiction under Rule 12(b)(1); and 3) failure to state a claim upon which relief can be granted under Rule 12(b)(6). (Doc. 51 at 1).

### A. Insufficient Service of Process

OCR claims that Plaintiff's complaint should be dismissed for insufficient service of process under Rule 4(i). OCR alleges that Plaintiff: 1) never sent a copy of the summons and complaint to OCR; 2) failed to serve OCR before August 16, 2013; and 3) never served the United States attorney's office as required by Rule 4(i)(1)(A). (*Id.* at 5). "A federal court is without personal jurisdiction unless the defendant has been served in accordance with [Rule] 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Rule 4 "should be liberally construed to uphold service so long as a party receives sufficient

notice of the complaint." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). However, actual notice does not "'provide personal jurisdiction without substantial compliance with Rule 4.'" *Travelers Cas. and Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting *Benny*, 799 F.2d at 492). To serve a United States agency, a party must serve the United States and send a copy of the summons and complaint to the agency. Fed. R. Civ. P. 4(i)(2). To serve the United States, the relevant requirements are that a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

*Id.* (i)(1).

Plaintiff has failed to meet the requirements of Rule 4(i). Plaintiff has not sent a copy of the summons and complaint to: 1) OCR (Doc. 45 at 6 (3300 North Central, Suite 690, Phoenix, AZ 85012 is the address of the Equal Employment Opportunity Commission which is not a party to this action)); or 2) the United States attorney for the district where the action is brought (*id.* at 7 (she instead sent a copy to a Washington D.C. address for the U.S. Department of Justice, Civil Rights Division)). Plaintiff has not achieved substantial compliance with Rule 4 in order to provide the Court with personal jurisdiction over OCR.

A district court has the discretion to quash the insufficient service of process and order the plaintiff to re-serve the defendant. *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). However, the Court already granted Plaintiff an additional 30 days to serve OCR. Pursuant to the Court's Order on July 10, 2013, Plaintiff had until August 16, 2013 to accomplish service or her case would be dismissed without further hearings. (Doc. 44). Almost five additional months have passed since that deadline and still Plaintiff has not served OCR. Therefore, the Court will grant OCR's motion to

dismiss for insufficient service of process under Rule 12(b)(5).

## B. Lack of Subject Matter Jurisdiction

To the extent that Plaintiff raises a claim under the Administrative Procedures Act ("APA") seeking judicial review of OCR's dismissal of her administrative complaints, OCR also alternatively claims that the Court lacks subject matter jurisdiction. (*Id.* at 9–10). "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in court are subject to judicial review." 5 U.S.C. § 704 (2006).

There is no statute which makes OCR's dismissal of an administrative complaint subject to judicial review. Additionally, Plaintiff had "[an]other adequate remedy" by pursuing a claim of discrimination directly against the alleged offender, Gateway Community College ("Gateway"). *See, e.g., Cannon v. University of Chicago*, 441 U.S. 677, 699–703 ("both Title VI and Title IX created a private right of action for the victims of illegal discrimination"). In fact, Plaintiff did pursue such action by filing a complaint with the Court against Gateway. (Doc. 1; Doc. 4). Therefore, to the extent that Plaintiff seeks review of OCR's dismissal of her administrative complaints, that claim is dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

OCR also contends that the Court lacks subject matter jurisdiction over Plaintiff's tort claims, "because Plaintiff failed to timely present a claim to the agency under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*" (Doc. 51 at 11). The Federal Tort Claims Act ("FTCA") provides that

> [a]n action shall not be instituted upon a claim against the United States for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."

28 U.S.C. § 2675 (2006).

Because the Court lacks personal jurisdiction due to Plaintiff's insufficient service of process on OCR, any claim along these lines is dismissed for this reason.

- 3 -

1 Alternatively, with respect to OCR's argument that this claim was not exhausted as required by the FTCA, whether or not Plaintiff first presented the claim to OCR is irrelevant, because Plaintiff makes no claim arising out of tort. Therefore, the Court's subject matter jurisdiction over a tort claim against OCR is not relevant in this case, and any claim along these lines is dismissed under Rule 12(b)(6). Moreover, OCR's argument that Plaintiff did not exhaust any such hypothetical claim appears to be well founded and would make any amendment futile.

## II.     Personal Jurisdiction Over Colorado Department of Education

Plaintiff filed her Amended Complaint on September 4, 2012. (Doc. 4). Colorado Department of Education has not filed an answer or any responsive pleadings. Subsequently, Plaintiff filed a motion on October 10, 2013 entitled "Motion to Denied Defendant Request" which appears to request for the entry of default judgment against Colorado Department of Education for failure to respond or appear. (Doc. 55). Usually a party waives a defense of lack of personal jurisdiction if the party fails to raise it by motion or include it in responsive pleading. Fed. R. Civ. P. 12(h)(1). "Nevertheless, when a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an *affirmative duty* to look into its jurisdiction over both the subject matter and the parties." *Id.* (emphasis added). Plaintiff bears the burden of establishing personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

Pursuant to the Court's affirmative duty to look into jurisdiction, the Court ordered Plaintiff to file a memorandum showing cause why Colorado Department of Education should not be dismissed for lack of personal jurisdiction. (Doc. 57 at 3). Plaintiff filed a reply, which alleges (quoted in its entirety) as follows:

> I the Plaintiff come to acknowledge justice is a one-way street; Now (sic), you see Judge Teilborg <u>the root of systemic civil right abuse is legal structure power over a certain group of people. Truth</u> be told I know I have follow

- 4 -

> (sic) civil procedure. Justice is for Corporation, and Institution of American not for people like I but by law they are consider (sic) as person (sic). To ask person (sic) to establish their personal jurisdiction is one of the most racist question (sic) and prerogative. Justice is only for a selective group of people; institutionalized oppression this (sic) unethical and is legal by law. Only the law can allow deprivation legal Color (sic) of law Abuses (sic) to succeed. statement (sic) quote "Fourscore and seven years ago our fathers brought forth on this continent a new nation conceived in liberty and dedicated to the proposition that all men are created equal" Abraham Lincoln. With the attack on my belief this an (sic) error. Federal courts (sic) system has personal jurisdictions (sic), diversity jurisdiction and Sovereignty (sic) quality of having independence (sic) authority over geographic area, such as a territory Arizona, Colorado, New Mexico, Utah, Wyoming Exhibit A (sic) Principles of personal jurisdiction (sic) three fundamental (sic) of personal jurisdiction constrain the ability of the courts in the United State (sic) to bind individuals or property to it decision (sic) consent, power, and notice court have (sic) territorial jurisdiction. Which I have been reminded my belief in process of law fifth (sic) and fourteenth (sic) Amendment depriving individual of basic constitutional right of life and liberty. Substantive laws were not even redress (sic) of the Defendants (sic) violations. Here in Phoenix Arizona "dogs" have more right than I. Exhibit B.
> Jokes just keep this one (sic)

(Doc. 59 at 1–2).

Depending on the nature of the defendant's contacts with Arizona, the Court may exercise personal jurisdiction based upon general jurisdiction or based upon specific jurisdiction. *See Helicopteros Nacionales de Colom. v. Hall*, 466 U.S. 408, 414–15 nn.8–9 (1984). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, on in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853–54 (2011). For the Court to exercise general jurisdiction over a foreign corporation, the corporation's affiliations with the State must be "'so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014) (quoting *Goodyear*, 131 S.Ct. at 2851). The Ninth Circuit applies a three-prong test to determine whether the exercise of specific jurisdiction over a nonresident is appropriate. *Boschetto*, 539 F.3d at 1016. Under this three-prong test, specific jurisdiction exists if: (a) the nonresident defendant

purposefully directs activities or consummates some transaction with the forum or the resident thereof; or performs some act by which he personally avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (b) the claim arises out of or relates to the defendant's forum-related activities; and (c) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *Id.*

In her reply to the Court's order, Plaintiff alleges no facts which establish that the Court has either general or specific jurisdiction over Colorado Department of Education. Plaintiff alleges no facts even regarding Colorado Department of Education's contacts with, or activities in, Arizona. In fact, Plaintiff never mentions Colorado Department of Education in her reply at all. Therefore, Plaintiff has failed to establish the Court's personal jurisdiction over Colorado Department of Education. Accordingly, Plaintiff's action against Colorado Department of Education will be dismissed.

## III. Gateway's Request for Judgment on Attorney's Fees

The Court granted Gateway's Motion for Sanctions (Doc. 29) on June 13, 2013. (Doc. 41 at 3). Pursuant to that order, Gateway filed a Motion for Award of Attorneys' Fees in the amount of $1,054.00 on June 28, 2013 (Doc. 43), which Plaintiff did not oppose, and the Court subsequently granted that motion on December 17, 2013. (Doc. 57 at 2). Gateway now moves the Court to enter judgment pursuant to Rule 54(b) on the attorneys' fees Order (Doc. 57). (Doc. 58-1 at 3). Plaintiff has opposed that motion. (Doc. 61).

Rule 58(a) provides that "[e]very judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion . . . (3) for attorney's fees under Rule 54." Fed. R. Civ. P. 58(a)(3). Because Plaintiff's motion for attorneys' fees was made in a manner consistent with the procedures listed in Rule 54, the exception contained in Rule 58(a)(3) should apply. *See United States v. Bus. Recovery Servs., LLC*, 2012 WL 3064253, at *2 (D. Ariz. July 26, 2012); *Feldman v. Olin Corp.*, 673 F.3d 515, 517 (7th Cir. 2012) ("Rule 58 should not be

read to mean that some motions for awards for attorneys' fees are 'under' Rule 54 and others are 'under' something else and therefore require a separate judgment document."). Therefore, the Court does not need to enter a separate judgment on the attorneys' fees Order and will not do so.

However, this conclusion does not free Plaintiff from her obligation to pay Gateway's attorneys' fees of $1,054.00 pursuant to the Court's Order on December 17, 2013 (Doc. 57). Plaintiff is still required to pay pursuant to the Court's earlier award of attorneys' fees. (*Id.*).

**IV.    Other Pending Motions**

Also pending are two motions filed by Plaintiff. (Doc. 60; Doc. 62). The first motion (Doc. 60), which is entitled "Motion for Forgiveness' (sic) Motion Not to dismiss," appears to be a motion for reconsideration of the Court's Order on December 17, 2013 (Doc. 57) denying Plaintiff's earlier motion for reconsideration (Doc. 42) of the Court's Order on June 17, 2013 (Doc. 41). The current motion (quoted in its entirety) is as follows:

> I Plaintiff Eddie L (sic) Pratt in respect of the court of law, I see ethical v. Legal, anger do (sic) not solve conflicts (sic) only cool head with critical thinking. I ask the court to excuse bad statement to the Defendants and the courts. I want to be a (sic) ethical, Law biding (sic) citizen and Lawyer with Passion for the Law. Exhibit C

(Doc. 60). The Court finds no basis for reconsideration; accordingly, Plaintiff's motion will be denied. The second motion (Doc. 62), entitled "Motion not to Dismiss," appears to be a motion for default judgment against Colorado Department of Education and OCR. As discussed above, Plaintiff has failed to establish the Court's personal jurisdiction over Colorado Department of Education, and so her complaint will be dismissed. *See infra* Part II. As for OCR, Plaintiff has not established grounds for default judgment. Additionally, Plaintiff did not establish sufficient service of process and OCR's motion to dismiss will be granted. *See infra* Part I.A.

Accordingly,

1 **IT IS ORDERED** that OCR's Motion to Dismiss (Doc. 51) Plaintiff's Amended Complaint (Doc. 4) is granted, and Plaintiff's Amended Complaint (*id.*) against OCR is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (*id.*) against Colorado Department of Education is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Gateway's Notice of Lodging Form of Judgment (Doc. 58), requesting the Court to enter a separate judgment on the attorneys' fees Order (Doc. 57), is denied.

**IT IS FURTHER ORDERED** that Plaintiff's other pending motions (Doc. 60; Doc. 62) are denied.

**IT IS FINALLY ORDERED** that consistent with this Order and the Court's prior Order (Doc. 41) the Clerk of the Court shall close this case and enter judgment in favor of Defendants OCR, Colorado Department of Education, and Gateway accordingly.

Dated this 23rd day of April, 2014.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge