**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie Pratt,<br><br>    Plaintiff,<br><br>vs.<br><br>Office of Civil Rights, Colorado Dept. of Education, and Gateway Comm. College,<br><br>    Defendants. | CV 12-1821-PHX-JAT<br><br>**ORDER** |

Plaintiff has filed a "motion to redress default judgment, motion to compel, and motion to reply to order." Giving Plaintiff an extremely generous interpretation of her filing, this may be a motion under either Federal Rule of Civil 59 or 60. In either case, it was filed within 28 days from the entry of judgment.

However, prior to filing this motion, Plaintiff filed a notice of appeal. Defendants have responded to Plaintiff's motion and argued that because Plaintiff filed a notice of appeal before filing her motion, this Court is divested of jurisdiction to hear the motion.

Under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), this Court has jurisdiction to rule on motions filed under Federal Rule of Civil Procedure 59 or 60, if the motion is: 1) filed within 28 days of the entry of judgment (FRAP 4(a)(4)(A)(i)-(vi)); and 2) filed before the notice of appeal is filed (FRAP 4(a)(4)(B)(i)). Federal Rule of Appellate Procedure 4(a)(4)(B)(i) does not directly address when the notice of appeal is filed before the motion itself. Specifically, Federal Rule of Appellate Procedure 4(a)(4)(B)(i) states:

If a party files a notice of appeal after the court announces or enters judgment

> — but before it disposes of any motion listed in Rule 4(a)(4)(A) — the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Thus, what is unclear is whether "before [the court] disposes of any motion listed in Rule 4(a)(4)(A)" requires that such to-be-disposed-of motion was already pending at the time the notice of appeal was filed.

In CV 10-2467-PHX-ROS at Doc. 72, the Court of Appeals instructed that the district court could not entertain a Federal Rule of Civil Procedure 60(b) motion without a limited remand from the Court of Appeals. However, in that case, the motion for reconsideration in the district court was not filed within 28 days from the entry of judgment. In CV 11-2260-PHX-JAT (Doc. 150), the Court of Appeals issued an order holding the appeal in abeyance when the notice of appeal and the qualifying motions under Federal Rule of Appellate Procedure 4(a)(4) were filed on the same day.

Therefore, it is not clear whether this Court has jurisdiction to rule on the motion. However, relying on the general principle that an appeal is a jurisdiction divesting event, the Court will deny the motion without prejudice as beyond this Court's jurisdiction because it was filed after the notice of appeal was file. *But see Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005) ("Our court has found that the timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court. [footnote omitted] This holds true regardless of whether the motion was filed before or after the notice of appeal. [footnote omitted]").

Also pending is a referral from the Court of Appeals asking this Court to determine whether the appeal is frivolous or in bad faith. Doc. 69. The Court finds the appeal is frivolous. Accordingly, in forma pauperis status is revoked. Because the Court has reviewed the record as a whole to make this determination, the Court further notes that Plaintiff's motion to redress default judgment, motion to compel, and motion to reply to order, which the Court is denying as beyond the Court's jurisdiction, would not change this Court's finding that the appeal is frivolous because the Court finds that motion, on the merits, is also

frivolous.

Accordingly,

**IT IS ORDERED** that Plaintiff's pending motion is denied without prejudice for lack of jurisdiction (Doc. 66); alternatively, the motion is denied on the merits because it does not provide a basis for relief from judgment.

**IT IS FURTHER ORDERED** that in forma pauperis status is revoked because the appeal in this case is frivolous (*see* Doc. 69).

DATED this 27th day of May, 2014.

James A. Teilborg
Senior United States District Judge